Sewall, J.
I concur in the opinion for granting a new trial, because the words “ foreign bills,” at the bottom of the note declared on, appear to be susceptible of an explanation which may operate to vary the tenor and state of the contract; but unexplained, I think them words of no meaning applicable to the original con- [ * 256 ] tract. The defendant * proposes to show by mercantile usage, or by other evidence, that these words are a part of the original contract; and the plaintiff insists, on the other hand, that they are to be understood as a collateral and distinct engagement, not applicable to the contract, as it now appears, in the hands of an endorsee.
I think there ought to be an opportunity for this explanation, which was in effect precluded at the trial. If the underwritten words make a part of the original contract, the writing given in evidence at the trial is not competent to support either of the counts in the plaintiff’s declaration. But if not so explained, by evidence *229 from usage or other circumstances brought home to the knowledge of the endorsee, I should think the verdict now excepted to correct upon the other circumstances of the case.
Thatcher, J., of the same opinion.
Parker, J.
I am not satisfied that there ought to be a new trial upon either of the points upon which it is claimed; because substantial justice has been manifestly done by the verdict; and in my opinion, sufficiently within the forms of law to warrant a judgment thereon.
With respect to the objections arising from the supposed want of demand on the maker of the note, when it became due, and notice to the defendant as endorser, I shall say nothing; because we all agree that there shall not be a new trial on those grounds; and the Chief Justice has very clearly given the reasons of this opinion.
With respect to the last objection, viz., that the defendant is sued as endorser of a promissory negotiable note, and that the declaration is not supported by the note exhibited in evidence, because the words “ foreign bills ” are found on the paper on which the note is written, I find myself alone in the opinion that this objection ought not to prevail.
It seems to be admitted, on all hands, that the intention of the parties to the instrument, as originally made, is to be resorted to for an explanation, where its words contain any ambiguity; but that intention must be gathered from the nature and terms of the contract. Indeed, in this case, no evidence has been offered to control or explain the contract; but the legal effect of the instrument itself is what the parties, by their exceptions, aim to ascertain.
*Now, it is evident that Clap, the promisor, and Fales, [* 257 ] the promisee, at the time of making this note, intended that it should be negotiable. This appears from its being made payable to Fales or order, and from the use of those terms which are generally adopted in notes made for the purpose of transfer in the market, or of deposit in the banks for collection. There are words in this sufficient to effectuate this intention, and to satisfy those to whom it might be transferred, that such was the true na turc of the contract.
But the words “ foreign bills ” are written on it, and they must be allowed some signification. I apprehend a due signification may be allowed them, without impairing the validity of the contract, as intended by the parties when it was made. I consider those words as furnishing evidence of the understanding of the promisor and promisee, that if the sum secured by the note should be paid at the time stipulated, it should be received in bills of those banks which have acquired the denomination of foreign; or in money at a dis *230 count, according to the market value of such bills on the day of payment.
Perhaps the endorsee, if he received the note before the day of payment, seeing those words on it, would be held to have taken it subject to the same agreement. But the original parties to the note seem to have been aware that a note payable in any thing but money was not negotiable. They, therefore, lest the intention which they manifest in the body of the instrument should be frustrated by the insertion of the mode of payment agreed on between them, made the memorandum rather for the purpose, it should seem, of giving an honorary claim to the promisor to discharge his note, in a manner different from the express provisions of the contract, than with the intention of defeating the negotiability of a note, which, possibly for the convenience of both, had been made nego liable.
I am satisfied that the memorandum never was intended to check or interrupt the transferable nature of the note; but that the verdict has given that effect to it which its terms import, and which the parties originally designed. I am therefore opposed to granting a new trial.

New trial granted